Argued October 5, affirmed November 28, 1922.

# WHITECHURCH v. MUTZIG.

(210 Pac. 623.)

**Negligence — Evidence Held not to Prove Negligence Charged in Action Under Employers' Liability Act for Injuries to Sidewalk Pedestrian.**

Evidence that plaintiff, a pedestrian, was injured by a portable scaffold, which a contractor erecting a building for defendant had left on a pile of rubbish, piled on a vacant lot, without screening the pile from the sidewalk so that a wind caused the pile to fall, *held* not to prove negligence charged in an action under the Employers' Liability Act, for personal injuries caused by negligent construction of a scaffold adjacent to the sidewalk.

From Multnomah: JOHN McCOURT, Judge.

Department 1. .

This is an action under the Employers' Liability Act, for personal injuries. The gravamen of the charge of negligence against defendant is contained in the following paragraphs of the complaint, which pleading is too long to be given in its entirety:

"That on or about October 7, 1916, the defendant was the owner and was engaged in the construction of a business building in the city of Bend. * *

"That one of the devices used in the construction and completion of said building * * was a large scaffolding made and composed of lumber * * and that large, heavy, loose planks placed from one end to the other thereof for the length of about fourteen feet, consisting of about fourteen of said loose planks, were placed upon said scaffolding without fastening in any way, or manner, and about twelve feet from the ground, and immediately and adjacent to and at and over the said public sidewalk in said public street in said city and state aforesaid; and that said scaffolding and said planks were used by the defendant and his said agents in the construction and work upon said building and that said scaffolding and said planks were not in any way fastened or secured and no wall braces, enclosures, or any other device or

protection whatsoever were provided to prevent said scaffolding or said planks from falling upon the plaintiff herein, or the sidewalk adjacent to and in front of said building, and said work, by reason of the aforesaid, involved risk and danger to the plaintiff in particular and to the public in general.

"That on or about October 7th, 1916, while plaintiff was a member of the public and was using said public street in front of said building, the defendant and defendant's agents, by and through the carelessness and negligence above stated, and hereinafter more particularly alleged permitted and caused some of said planks upon said scaffolding to fall therefrom and strike the plaintiff upon her head, shoulders and face and thereby injured the plaintiff as hereinafter alleged. * *

"And in violation of said duty and said law, the defendant and his said agents left said scaffolding adjacent to and over and near said public walk in said city and state, without in any way or manner or at all, fastening or securing said scaffolding in any way, manner or at all, and left the same in a temporary and insecure manner and left said large, heavy planks lying across the top thereof, without nailing the same down, or in any other way or manner fastening the same to keep said planks from falling, or blowing, or otherwise being precipitated from the top of said scaffolding to and upon the sidewalk adjacent thereto, and that defendant could have braced and nailed and fastened said scaffolding and could have nailed said planks thereupon or otherwise braced the same so said planks would not have fallen to and upon the plaintiff as hereinbefore alleged."

The defendant answered, putting in issue practically all the charges of negligence set up in the complaint and the alleged injuries to plaintiff; second, setting up the defense that the alleged injuries, if any, were the result of the act of an independent contractor; and third, pleading contributory negligence.

At the close of plaintiff's testimony, defendant moved for a nonsuit upon the ground that:

"There has been no negligence shown attributed to the defendant. The evidence * * shows she [plaintiff] was walking along the sidewalk in front of the vacant lot. That some rubbish and lumber and these horses (portable scaffolds) had been dumped upon that vacant lot, that the wind was blowing, she passed by that vacant lot, this was blown over on to her. She was injured. There has been no negligence shown on the part of defendant responsible for that accident and none can be presumed because the mere happening of an accident does not fasten negligence upon anybody. It is upon that ground that we move for a nonsuit."

The motion was sustained and judgment of dismissal was rendered. The plaintiff appeals.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Henry S. Westbrook.*

For respondent there was a brief over the names of *Mr. John W. Kaste* and *Messrs. Bauer, Greene & McCurtain,* with an oral argument by *Mr. Kaste.*

McBRIDE, J.—This is an action purely and simply upon the statute known as the Employers' Liability Act, and the evidence entirely fails to show that the injuries were caused by reason of the alleged acts of negligence charged in the complaint, the substance of which is that the defendant in the course of the erection of his building caused to be constructed a scaffold immediately adjacent to and over the sidewalk and about twelve feet from the ground, and upon said scaffold laid heavy planks without nailing them or fastening them in any manner; and that by reason

of this negligence he "permitted some of the planks upon said scaffolding to fall therefrom and strike plaintiff upon her head, shoulders and face, thereby injuring her." The evidence tended to show that there was no scaffold erected adjacent to or over said walk, but that after the exterior of the building had been completed the workmen or contractor had piled a lot of heavy rubbish against the side of the building and upon a vacant lot, odds and ends generally and among other things a portable scaffold or saw-horse of considerable weight, but without screening the pile from the sidewalk. A wind caused the pile to fall, and one of the timbers which composed the horse or scaffold struck plaintiff, inflicting serious injuries. While this might in itself furnish ground for an action at common law, if accompanied by appropriate allegations, it does not come within the purview of the employers' liability law, upon which the plaintiff chose to rely, but on the contrary the alleged act of negligence set out in the complaint is entirely distinct from that attempted to be proved at the trial. It is not competent to allege one ground of negligence in the complaint and attempt to prove another and different ground on the trial.

The evidence considered with reference to the form of action was more than a variance; it was a failure of proof. The judgment is affirmed.    AFFIRMED.

BURNETT, C. J., and HARRIS and RAND, JJ., concur.